UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO JOHNSON #176204,

        Plaintiff,

v.

FRED GOVERN,

        Defendant.
_____/

Case No. 2:17-CV-125

HON. GORDON J. QUIST

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff, Lorenzo Johnson, an inmate incarcerated with the Michigan Department of Corrections, filed a complaint against Defendant, Fred Govern, arising out of events that occurred at the Marquette Branch Prison. In his original complaint, Johnson alleged First Amendment retaliation and Eighth Amendment claims under 42 U.S.C. § 1983 and a state-law claim for intentional infliction of emotional distress. Govern filed a motion to dismiss (ECF No. 7), and Johnson filed a response and an amended complaint. (ECF Nos. 12 and 14.) In his amended complaint, Johnson alleged federal claims under § 1983 of First Amendment retaliation, cruel and unusual punishment in violation of the Eighth Amendment, and violation of due process and equal protection under the Fourteenth Amendment, and state-law claims of intentional infliction of emotional distress and fraud. Govern moved to dismiss the amended complaint (ECF No. 17) and Johnson filed a response. (ECF No. 19.)

On September 12, 2018, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Govern's motion in part and deny it in part. (ECF No.

22.) In particular, the magistrate judge recommended granting the motion with regard to the due process and fraud claims and denying it with regard to the retaliation, equal protection, and intentional infliction of emotional distress claims.[1]

Govern has filed an Objection to the R & R, arguing that the magistrate judge should have concluded that Govern is entitled to qualified immunity on Johnson's retaliation and intentional infliction of emotional distress claims. Johnson has filed a response, arguing that the Court should adopt the R & R. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Govern's Objection and Johnson's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

## *Johnson's Allegations*

The following facts are taken from Johnson's amended complaint and accepted as true for purposes of the instant analysis. *See Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 467 (6th Cir. 2017) (noting that in ruling on a motion to dismiss, a court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true").

On January 7, 2017, Johnson was issued a Notice of Intent (NOI) to conduct an administrative hearing for abuse of telephone privileges. (ECF No. 12 at PageID.99; ECF No. 14-1

---

[1] As for the Eighth Amendment claim, the magistrate judge noted that Johnson had conceded that such claim should no longer be considered part of this action. (ECF No. 22 at PageID.152.) The Eighth Amendment claim would fail even if Johnson continued to assert it. Johnson alleged that 90-days loss of telephone privileges constituted cruel and unusual punishment, but case law is clear that loss of privileges alone does not violate the Eighth Amendment. *See Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017) ("Temporary loss of privileges and confinement in segregation—without any allegations that basic human needs were not met—cannot establish an Eighth Amendment claim.").

at PageID.112.) The proposed disposition was 90-days loss of telephone privileges. Johnson requested a hearing on the NOI. On January 15, 2017, Johnson filed a grievance against Officer Dancstrom for sexual harassment. (ECF No. 12 at PageID.96.) On January 17, 2017, as Johnson was giving Govern some legal mail to send out, Govern told Johnson that he was lying about Officer Dancstrom and said, "if you don't sign off that grievance, I am going to teach you a lesson, and put a case on you, you think you smart, now try me." (*Id.*) The same day, Govern whited-out the box on the January 7, 2017, NOI that Johnson had checked to request a hearing and instead, Govern checked the box stating, "I understand and agree with the proposed disposition stated above [90-days loss of telephone privileges] and waive the right to a hearing"—making it appear that Johnson waived his right to a hearing and agreed to accept the proposed sanction. (*Id.*; *see also* ECF No. 14-1 at PageID.114.) As a result, Johnson did not receive a hearing and lost phone privileges for 90 days. (ECF No. 12 at PageID.98.)

*Discussion*

1.      **Retaliation**

The elements of a First Amendment retaliation claim are set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), are well known, and need not be repeated here. Govern argued in his motion to dismiss that he is entitled to qualified immunity on the retaliation claim on two grounds. First, Govern argued that Johnson failed to allege a legally-cognizable adverse action because Sixth Circuit case law establishes that a temporary loss of privileges does not suffice to constitute an adverse action. Second, Govern argued that Johnson's own allegations showed the lack of a causal connection. Govern argued that his alleged threat of a "new case" never materialized and the loss of phone privileges arose out of the NOI that was issued days prior to, and had no connection with, Govern's post-grievance comments. The magistrate judge addressed only the

3

adverse action argument, concluding that under *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018), loss of phone privileges for 90 days was sufficiently adverse to state a claim. (ECF No. 22 at PageID.154–56.)

Govern argues that the magistrate judge failed to address the lack of a causal connection between Johnson's protected conduct and the alleged adverse action—the loss of phone privileges. Govern also argues that the magistrate judge erred in relying on *Maben*.

In the Court's judgment, the magistrate judge correctly concluded that Johnson states a retaliation claim, but for the wrong reasons. The loss of phone privileges could not have been an adverse action that resulted from Johnson's protected conduct because that sanction arose out of the NOI, which was issued 8 days before Johnson filed his grievance and was imposed because Johnson allegedly abused phone privileges. The only possible adverse action is that Govern allegedly "forged" or whited-out Johnson's request for a hearing and checked the box accepting the proposed disposition. As a result, Johnson was denied a hearing, and he alleges that he lost the opportunity to show that he did not violate MDOC policy. (ECF No. 99–100.) An action is sufficiently adverse if it "would chill or silence a person of ordinary firmness from future First Amendment activities." *Thaddeus-X*, 175 F.3d at 397. In the Court's judgment, altering a document to deprive a prisoner of a hearing is sufficiently adverse to deter a person of ordinary firmness from engaging in First Amendment activity. Therefore, it is an issue for the jury whether Govern's alleged alteration of the NOI constituted an adverse action.

As for Govern's alleged threat to "put a case" on Johnson, the Court concludes that such threat was too vague to constitute adverse action. *See Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) (concluding that the district court correctly concluded that the defendant's alleged threat to make the plaintiff's life a "living hell" if he did not drop his

4

lawsuits" was too vague to satisfy the adverse action requirement). It is not clear what Johnson meant by "put a case" on Johnson—file a major misconduct, a minor misconduct, or something else, and why? Johnson alleges that he thought that Govern intended to have a new criminal charge filed against Johnson, but Johnson alleges no facts suggesting that Govern was referring to a criminal case, as opposed to something else.

### 2. Intentional Infliction of Emotional Distress

Govern also argues that the magistrate judge erred in concluding that he is not entitled to qualified immunity on Johnson's state-law intentional infliction of emotional distress claim. Govern did not argue that he was entitled to immunity under Michigan law; instead, he argued that Johnson failed to state a claim because the alleged conduct was not outrageous in character, as required for an intentional infliction of emotional distress claim. (ECF No. 18 at PageID.129–30.) Regardless, the Court concludes that Johnson fails to state a claim.

To state a claim for intentional infliction of emotional distress under Michigan law, a plaintiff must allege, among other things, that the defendant's conduct was "extreme and outrageous." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 909 (1985). "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999). The test is whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603, 374 N.W.2d at 909 (quoting Restatement (Second) of Torts § 46 cmt. d (1948)).

Although the magistrate judge concluded that Johnson's allegations could support a claim

5

for intentional infliction of emotional distress, the Court concludes otherwise. Johnson does not allege that Govern actually threatened him with criminal charges. At one point Johnson alleges that Govern said he would "put a case" on Johnson, and at another point Johnson alleges that Govern said he would "place a new charge" on Johnson. (ECF No. 12 at PageID.96, 98.) Johnson does not allege that Govern actually threatened him with criminal charges. Instead, Johnson said that he "was fearful that defendant would put a new criminal case on Plaintiff if Plaintiff did not sign off the grievance." (*Id.* at PageID.98.) Thus, what Govern allegedly said and what Johnson believed were two different things.

Moreover, even if Govern's alleged statements could reasonably be interpreted to as a threat to make a criminal complaint, such would not amount to extreme and outrageous behavior. For example, in *Heavrin v. Schilling* (*In re Triple S Rests., Inc.*), 519 F.3d 575 (6th Cir. 2008), the Sixth Circuit held that a bankruptcy trustee's threat to refer an attorney to the United States Attorney for criminal charges if the attorney did not agree to a settlement was not "so intolerable as to reach beyond the bounds of decency and morality." *Id.* at 578–79 (internal quotation marks omitted). Although the court was applying Kentucky law, Michigan law is not materially different. *See also King v. Florida*, 650 F. Supp. 2d 1157, 1167–68 (N.D. Fla. 2009) (holding that threatening to pursue criminal charges was not "outrageous"). Accordingly, the Court will dismiss the intentional infliction of emotional distress claim.

Therefore,

**IT IS HEREBY ORDERED** that the September 12, 2018, Report and Recommendation (ECF No. 22) is **ADOPTED IN PART AND REJECTED IN PART**, and Defendant's Objection (ECF No. 23) is **GRANTED** as to Plaintiff's state-law intentional infliction of emotional distress claim and **OVERRULED** as to Plaintiff's First Amendment retaliation claim.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 7 & 17) are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's due process, Eighth Amendment, fraud, and intentional infliction of emotional distress claims are **dismissed with prejudice**. The case will continue on Plaintiff's retaliation and equal protection claims.

Dated: December 4, 2018

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE