UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LORENZO JOHNSON #176204,

            Plaintiff,                                    Case No. 2:17-CV-125

v.                                               HON. GORDON J. QUIST

FRED GOVERN,

            Defendant.
_____/

**<u>ORDER REJECTING REPORT AND RECOMMENDATION</u>**

This is a civil rights action brought by former state prisoner, Lorenzo Johnson, pursuant to 42 U.S.C. § 1983. Johnson asserts retaliation and equal protection claims against Defendant Fred Govern. Defendant Govern filed a Motion for Summary Judgment Based on Qualified Immunity. (ECF No. 60.) On February 4, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that Defendant's motion be granted and that this matter be dismissed. (ECF No. 69.) Johnson subsequently filed an objection. (ECF No. 70.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be rejected.

## I.       Background

In 2017, Johnson was incarcerated at the Marquette Branch Prison. On January 7, 2017, Johnson was issued a Notice of Intent to Conduct an Administrative Hearing (NOI) for abuse of telephone privileges. The recommended disposition was 90-days loss of telephone privileges. The next day, Johnson filled out a form to request a hearing on the NOI.

On January 15, 2017, Johnson was involved in an unrelated incident with Officer Dahlstrom.[1]  Following the alleged incident, Johnson claims that he filed a Prison Rape Elimination Act (PREA) grievance on Officer Dahlstrom.

On January 17, 2017, Defendant Govern called out Johnson. Defendant Govern allegedly told Johnson that he was lying about Officer Dahlstrom and said, "if you don't sign off that grievance, I am going to teach you a lesson, and put a case on you, you think you smart, now try me." The same day, Defendant Govern allegedly altered Johnson's NOI form by checking the box stating, "I understand and agree with the proposed disposition stated above [90-days loss of telephone privileges] and waive the right to a hearing." As a result, Johnson did not receive a hearing and lost phone privileges for 90 days.

On January 19, 2017, Johnson sent a letter to the warden, asserting that Defendant Govern retaliated against him because of the PREA grievance. On January 22, 2017, prison officials began an investigation into the alleged retaliation. The investigative report notes that at the time the investigation began, Johnson had not yet filed a PREA grievance. Three days later, prison officials "received" Johnson's PREA grievance.

---

[1] Johnson mistakenly identifies Officer Dahlstrom as Officer Dahcstrom.

## II.  Analysis

In recommending that the Court grant Defendant's motion summary judgment on the retaliation and equal protection claims, the magistrate judge correctly framed the "critical issue":

> The critical issue here is one of timing: when did Govern learn about Johnson's grievance? If the evidence potentially shows that Govern learned about Johnson's PREA grievance before January 17, 2017, then a genuine issue of material fact remains relating to the retaliation claim. But if the parties' filings show, instead, that Govern learned about this PREA grievance after January 17, then Johnson has failed to allege facts showing a causal connection between his protected conduct (the filing of the PREA grievance) and the alleged adverse action by Govern (the alteration of the NOI form against Johnson's will).

(ECF No. 69 at PageID.424.)

The magistrate judge erred, however, when he determined that there was no genuine issue of material fact as to this critical issue.  It is true that the record strongly suggests that Defendant Govern did not have any knowledge of the grievance before the January 17.  Defendant Govern states in his affidavit that he was not aware of the grievance at the time.  (ECF No. 62 at PageID.401-402.)  The investigative report noted that at the time the investigation began, Johnson had not filed a PREA grievance. (ECF No. 61-8 at PageID.371.)  And the "received" date on the PREA grievance is January 25, 2017.  (ECF No. 61-7 at PageID.365.)

But some evidence in the record suggests that Defendant Govern did know about the grievance before the January 17 meeting. Johnson states in his affidavit that he filed the grievance on January 15, 2017. (ECF No. 63-1 at PageID.409.)  The "Today's Date" on the grievance is January 15, 2017. (ECF No. 61-7 at PageID.365-366.)  And Johnson states that Defendant Govern acknowledged the existence of the grievance at the January 17 meeting and told him to "sign off that grievance."  (ECF No. 63-1 at PageID.409.)  The Court also notes that one page of investigative report provides—perhaps mistakenly—that the grievance was received on January 15. (ECF No. 61-8 at PageID.373) ("[H]owever the grievance was not received until 1/15/17 well

3

after an investigation had been initiated.") The Court finds that this evidence is sufficient to create

a genuine issue of material fact as to whether Defendant Govern knew about the grievance before

the January 17 meeting.

### III.   Conclusion

**Accordingly, IT IS HEREBY ORDERED** that the February 4, 2020, Report and

Recommendation (ECF No. 69) is **rejected**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No.

60) is **DENIED**.


Dated: May 21, 2020                                    /s/ Gordon J. Quist
                                              _____
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE