WHEREAS, the Defendant has asserted various defenses to the lawsuit; and

WHEREAS, the parties desire to resolve the lawsuit and have reached an agreement in full and complete settlement of all claims Plaintiff may have against the Defendant.

## AGREEMENT

Therefore, in consideration of the foregoing, and of the mutual promises hereinafter set forth, the receipt and adequacy of which is hereby acknowledged, the parties agree as follows:

1. The State of Michigan will pay Lorenzo Johnson Five Hundred Dollars ($500) within a commercially reasonable time following the execution of this Agreement and entry of an order of dismissal with prejudice of the lawsuit, whichever is later. Payment of the $500 shall be made to Plaintiff through the State of Michigan's SIGMA Vendor Self-Service System.

2. Plaintiff will execute this Agreement and will stipulate to entry of an order of dismissal with prejudice of the lawsuit.

3. Except for the obligations under this Agreement, Plaintiff hereby releases and forever discharges all individuals and entities including Fred Govern and the State of Michigan and its departments, commissions, boards, institutions, arms and agencies, and their respective past, present, and future directors, officers, employees, attorneys, agents, representatives, independent contractors, employees of independent contractors, predecessors- and successors-in-interest, assigns, indemnitors, and insurers from any and all claims that Plaintiff directly, indirectly,

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

LORENZO JOHNSON #176204,

    Plaintiff,

v

FRED GOVERN,

    Defendant.

CASE NUMBER 2:17-cv-125

HON. JARBOU

MAGISTRATE JUDGE VERMAAT

---

Lorenzo Johnson #176204
Pro Se
11790 E. Outer Drive
Detroit, MI 48224
(734) 636-3513
Zoe225422@gmail.com

James T. Farrell (P35400)
Zachary A. Zurek (P80116)
Assistant Attorneys General
Attorneys for Defendant
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
farrellj@michigan.gov
zurekz1@michigan.gov

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Lorenzo Johnson (hereinafter referred to as "Plaintiff"), and the State of Michigan on behalf of Fred Govern (hereinafter referred to as "Defendant," and Plaintiff and Defendant will be referred to collectively as "the parties").

## RECITALS

WHEREAS, there has been a dispute between parties resulting in a lawsuit captioned "*Lorenzo Johnson v. Fred Govern,*" United States District Court for the Western District of Michigan docket number 17-cv-125, ("the lawsuit"); and

derivatively, or in any other capacity ever had, now has, or hereafter can, shall, or may have arising out of the incidents that are the subject matter of the lawsuit. By way of illustration only, and not limitation, the following are examples of claims and demands to which this Release applies: state and federal law claims for compensatory damages, nominal damages, punitive damages, injunctive relief, declaratory relief, litigation expenses, interest, taxable costs, and attorneys' fees.

4. In addition, Plaintiff hereby covenants that he will refrain from commencing any action or proceeding, or prosecuting any pending action or proceeding, on account of any matter released hereunder.

5. Plaintiff acknowledges the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages that exist as of this date or that may hereafter arise out of the incident that was the subject of the lawsuit, but of which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this Agreement. Plaintiff further agrees to accept payment of the sum specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than she believes. It is understood and agreed to by the parties that this Agreement is a compromise of disputed claims, and that payment is not to be construed as an admission of liability on the part of the releasees, by whom liability is expressly denied.

6. Any payment by the State of Michigan to Plaintiff is subject to any set-off that the State of Michigan is empowered by law to exercise. However, the State of Michigan waives its right to seek reimbursement of the settlement amount under the State Correctional Facilities Reimbursement Act.

7. This Agreement shall be binding on and inure to the benefit of the heirs, successors, and assigns of the parties and releasees.

8. This Agreement is the entire integrated agreement between the parties, and that any and all discussions, understandings, and agreements heretofore had by the parties with respect to the subject matter hereof are merged into this Agreement, which alone fully and completely expresses the parties' agreement. No amendments, waivers, or termination can be made except in writing signed by each of the parties.

9. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

10. The parties agree to cooperate fully and execute any and all documents and take all additional actions that may be necessary and appropriate to give full force and effect to the terms and intent of this Agreement.

11. Each party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised itself of sufficient information to intelligently decide whether to execute this Agreement; the decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this

Agreement and each of its terms; each fully and unconditionally consents to the terms of this Agreement; each has had the opportunity and/or benefit of advice of counsel; each has executed this Agreement freely, voluntarily, with knowledge, and without duress; neither has relied upon any other representations, written or oral, express or implied, made by any person; the consideration received has been actual and adequate; and each is duly authorized to execute this Agreement in the individual or representative capacity set forth below.

Date: July 16, 2021

Lorenzo Johnson

Date: 7/15/2021

Brian Waddell
State of Michigan
By: Brandon Waddell
Its: Manager
Office of Legal Affairs
Litigation Section
Michigan Department of Corrections

5